UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL PADAVONA, : <br> : <br> Petitioner, :     Civ. No. 21-203 (RBK) <br> : <br> v. : <br> : <br> DAVID E. ORTIZ, :     **OPINION** <br> : <br> Respondent. : <br> : | |

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner, Michael Padavona ("Petitioner" or "Padavona") is a former federal prisoner previously incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* ECF 1). Petitioner seeks additional credits purportedly owed to him by the Federal Bureau of Prisons ("BOP") under provisions of the First Step Act ("FSA"). *See, e.g.* 18 U.S.C. § 3632.

Respondent filed a response in opposition to the habeas petition. (*See* ECF 6). Petitioner then filed a reply in support of his habeas petition. (*See* ECF 7). Thereafter, Respondent submitted a letter indicating that Petitioner's habeas petition is now moot due the recalculation of credits purported owed to Petitioner under the FSA as well as due to his release from Federal Bureau of Prisons' ("BOP") custody. (*See* ECF 8).

The BOP's online inmate locator confirms that Petitioner was released from BOP custody on January 20, 2023. *See* https://www.bop.gov/inmateloc/ (last visited on April 1, 2023). Petitioner's release from custody implicates this case in two ways. First, Petitioner has failed to update his address of record. Thus, he has failed to comply with Local Rule 10.1. *See* L. Civ. R. 10.1(a) ("Counsel and/or unrepresented parties must advise the Court of any change in their or

their client's address within seven days of being apprised of such change by filing a notice of said change with the Clerk."). Normally, this failure would result in this Court administratively terminating this case. However, for the reasons discussed *infra*, Petitioner's habeas petition will be dismissed rather than this Court simply administratively terminating this matter.

Petitioner's habeas petition is now moot. Article III of the United States Constitution permits a federal court to adjudicate "'only actual, ongoing cases or controversies.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). The case or controversy requirement requires the parties to have a personal stake in the outcome throughout the judicial proceedings. *See id.* (quoting *Lewis*, 494 U.S. at 477–478). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477)). "Incarceration satisfies the case or controversy requirement[;] [o]nce a sentence has expired, however, some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." *Id.*

In this case, Petitioner's request for additional credits under the FSA became moot upon his release from BOP custody. *See Allen v. Ortiz*, No. 20-21027, 2021 WL 1947300, at *1 (D.N.J. May 14, 2021) (dismissing habeas petition seeking credits under FSA as moot as petitioner was released from BOP custody); *see also Fitzpatrick v. Knight*, No. 22-5847, 2022 WL 17177851, at *1 (D.N.J. Nov. 23, 2022) (citations omitted) (finding petitioner's habeas petition seeking additional FSA credits is moot upon release from prison). Indeed, this "Court can no longer grant Petitioner's request for FSA time credits, as such 'credits affect the timing of an inmate's conditional release from prison, but they do not alter the sentence itself.'" *Puccio v.*

*Ortiz*, No. 22-5138, 2022 WL 4468599, at *1 (D.N.J. Sept. 23, 2022) (quoting *Scott v. Schuylkill FCI*, 298 F. App'x 202, 204 (3d Cir. 2008)); *see also DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005) (quoting *United States v. Johnson,* 529 U.S. 53, 60 (2000)) ("The Supreme Court has held that the length of a term of supervised release cannot be reduced 'by reason of excess time served in prison.'").

Accordingly, this Court will enter an order dismissing Petitioner's habeas petition as moot.[1]

DATED: April 3, 2023

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

---

[1] Because Petitioner's release from BOP custody moots his habeas petition, this Court need not consider Respondent's alternative argument that the BOP's recalculation of credits owed to Petitioner also moots his habeas petition.